**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

HENRY EUGENE GOSSAGE,

                    Plaintiff,

   v.

OFFICE OF PERSONNEL
MANAGEMENT (OPM),
U.S. DEPARTMENT OF LABOR
(USDOL),
U.S. DEPARTMENT OF JUSTICE
(USAG),
MERIT SYSTEM PROTECTION
BOARD (MSPB).

                    Defendants.

NO.   3:24-cv-5765-MLP

COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS

OPM INVESTIGATION OBJECTION
01-904-277

MSPB SE-0731-01-0261-I-2

JURY TRIAL

Comes now Plaintiff, Henry Eugene Gossage, Veteran Pro se hereby alleges

the following:

## I.     JURISDICTION AND VENUE

1.1   The United States District Court has jurisdiction over this action as the

claims brought arise from federal questions pursuant to 28 USC § 1331;

Fifth Amendment Due Process under the United States Constitution;

Freedom of Information Act, 5 USC § 552; 5 C.F.R. § 731 et seq.;

5 U.S.C. § 2302 (Prohibited Personnel Practice); 5 U.S.C. § 3318; VEOA,

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 1

5 U.S. Code § 3330a-c; USERRA, 38 U.S.C. §4301 et seq.; 5 C.F.R. § 332.406; Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634; Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117; including Civil Rights, Discrimination, Veteran Employment Rights and Retaliation violations (20 C.F.R. § 1002.19); Federal Rules of Civil Procedure 26, 34, 59, and 60.

1.2   Venue is proper in the US District Court pursuant to 28 USC § 1391(a)(2), 28 USC § 1391(e)(1), and 28 USC § 1391(e)(2).

1.3   The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because Defendant's Actions and Inactions on the following: Denied Federal Employment; Discrimination (Employment, Racial, Age, Physical Disabilities, USERRA, VEOA, Civil Rights, Defamation, and Retaliation.

1.4   PREVIOUS LAWSUIT:

a.   2004-5669 RJB Appeal MSPB BOARD 09/27/2004 Decision SE-0731-01-0261-I-2 (**97 M.S.P.R. 366**).

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 2

## II.    PARTIES

2.1    Plaintiff is a resident of the State of Washington, Honorably Discharged Vietnam Era Veteran with a National Defense, Korea Service, and Armed Forces Expeditionary Campaign ribbon, with a Veterans Administration Service-Connected Disability rating greater than 30% and is Japanese-American, over 40, and a person with a Physical Disability.

2.2    Defendant, **USDOL/OSHA**, United States of America, Department of Labor (of which OSHA is a subdivision) is an executive branch agency of the United States government.

2.3    Defendant, **OPM**, United States of America, and Office of Personnel Management (of which the Suitability Adjudication Branch [SAB] of the Investigation Service Federal Investigations Processing Center [FIPC] is a subdivision is an executive branch agency of the United States Government.

2.4    Defendant, **USAG**, United States of America, Attorney General (of which the U.S. Attorney General Western Washington is a subdivision [USAGWWa] is a subdivision), Department of Justice is an executive branch agency of the United States government.

2.5    Defendant, **MSPB**, United States of America, Merit Systems Protection is an independent, quasi-judicial agency that serves as the guardian of

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Federal merit systems is an executive branch agency of the United States government.

2.6    Plaintiff originally brought a personnel action alleging amongst other things. OPM and DOL (OSHA) wrongfully determined Plaintiff was unsuitable for federal employment and their wrongful personnel actions were in violation of Federal Statutory Law, agency policy and procedures, and was motivated by Retaliation and Discrimination.

2.7    Plaintiff alleges these TWO federal agencies and its employees violated federal law in terms of recognizing Plaintiff's status as a Compensable disabled veteran in applying federal civil service veteran hiring procedures and due process in its hiring and suitability policy and procedures.

2.8    The agencies and its employees acting under the color of law, made decisions regarding plaintiff's employment suitability, eligibility, and their conduct, of which plaintiff asserts were retaliatory (20 C.F.R. § 1002.19) and discriminatory or otherwise in violation of his civil rights, federal veteran employment preference rights: 5 U.S.C. § 2302 (Prohibited Personnel Practice); VEOA (Veterans Employment Opportunity Act of 1998 (VEOA, Public Law 105-339-OCT. 31, 1998),

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 4

5 U.S. Code § 3330a-c; USERRA (38 U.S.C. §4301 et seq., Uniformed Services Employment and Reemployment Rights Act (USERRA), 20 C.F.R. 2002 et seq.).

2.9    The Federal District Court has jurisdiction over this action as this claim raises a numerous federal questions.

## III.    FACTUAL ALLEGATIONS

3.1    This action is brought for discrimination in employment pursuant to:

a.    Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), as codified 38 U.S.C. §§ 4301 se seq.

b.    The Veterans Employment Opportunities Act of 1998 (VEOA), as codified 5 U.S.C. §§ 3330a-3330b.

c.    Prohibited personnel practices, as codified 5 U.S. Code § 2302.

d.    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

e.    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

f.    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

3.2    Failure to Hire, Unequal treatment, Unequal terms and conditions of employment, Retaliation, and Harassment.

3.3    Beginning in September 2000, Henry Gossage applied for the vacant Seattle Industrial Hygienist position (OSH-00-87). Henry Gossage's application was accepted by USDOL/OSHA, and rated with a 110/100 score. USDOL/OSHA retaliated (20 C.F.R. § 1002.19) by utilizing its power and authority to DENY Henry Gossage initial federal employment.

3.4    OSHA interviewed three candidates from its Industrial Hygienist Certificate of Eligibles (OSH-00-87) for the open Seattle position. Plaintiff was the highest scoring, number one, and CPS veteran of the **three candidates** interviewed.  Of the three candidates interviewed, the **two lower scoring non-veteran** candidates were offered the position, but declined to accept the position.  USDOL/OSHA NEVER CONSIDERED or OFFERED vacant Industrial Hygienist (OSH-00-87) position to Plaintiff, even after the other two candidates refused the position.

3.5    Plaintiff was USDOL/OSHA's Highest Scoring (Number 1-Eligible Veteran Candidate (CPS Veteran), Minority (Asian Heritage), and with a Physical Disability for the agencies ONE Industrial Hygienist Vacancy (Certificate OSH-00-87 and Supplemental Certificate OSH-00-87-S-1).

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

3.6    USDOL/OSHA DID NOT make an initial hiring decision from its Industrial Hygienist Certificate OSH-00-87.

3.7    Defendant USDOL/OSHA took **retaliated** and discriminatory action against Henry Gossage by requesting an SF 62 (OSH-00-87) bypass its only preference eligible veteran to OPM on **suitability** on November 17, 2000 (5 U.S.C. § 3318, 5 C.F.R. 332.406), under the disguise of Suitability, 5 C.F.R. 731 et seq.

3.8    Defendant, USDOL/OSHA (Jones) by letter, notified Plaintiff on November 17, 2000, of its intention to request a pass-over request of a Preference Eligible Veteran (5 U.S.C. § 3318, 5 C.F.R. 332.406) to OPM, based on **SUITABILITY** (5 U.S.C. § 3318, 5 C.F.R. 332.406).

3.9    Defendant, OPM's (Enterline) granted USDOL/OSHA its November 20, 2000, pass-over request (5 U.S.C. § 3318, 5 C.F.R. 332.406).

3.10    OPM (Enterline) initiated Henry Gossage to a Suitability Investigation (**OPM Investigation 01-904-277**) pursuant 5 C.F.R. § 731 et seq. on November 30, 2000.

3.11    Prior to OPM's (McCue) May 16, 2001, INITIAL SUITABILITY DETERMINATION and Henry Gossage's appeal before the MSPB (SE-0731-01-0261-I-1) as a preference eligible veteran, USDOL/OSHA **DID NOT REQUEST** or was **authorized** a SECOND SF62 bypass

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

authorization of Henry Gossage from OPM for the Industrial Hygienist Supplemental Certificate (**OSH-00-87-S-1**). USDOL/OSHA HIRED Conrad Sherman (April 4, 2001), a non-veteran from its Industrial Hygienist Supplemental Certificate OSH-00-87-S-1 in 2001, (5 U.S.C. § 3318, 5 C.F.R. 332.406).

3.12    Defendant, OPM (McCue) **NOTIFIED** (5 U.S.C. § 3318(b)(1), 5 C.F.R. §§'s 731.304/404), Henry Gossage of OPM's **INITIAL Suitability Determination** on May 16, 2001. OPM (McCue) Disqualified and Debarred Henry Gossage INELIGILE to USDOL/OSHA Certificate OSH-00-87 Industrial Hygienist position and ALL federal employment on Suitability.

3.13    Defendant, USDOL/OSHA **DID NOT** NOTIFIY, REQUEST, or OBTAIN a SECOND SF 62 (OSH-00-87-S-1) from OPM to bypass its only preference eligible veteran PENDING OPM's Final Suitability Determination to Henry Gossage or OPM (5 U.S.C. § 3318, 5 C.F.R. 332.406, 5 C.F.R. §§'s 731.304/404).

3.14    Henry Gossage appealed USDOL/OSHA (OSH-00-87) position and OPM (McCue) May 16, 2001, Initial Suitability Determination to MSPB (SE-0731-01-0261-I-1).

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 8

3.15 Henry Gossage appealed A.J. Freet MSPB Initial Decision, SE-0731-01-0261-I-2 ID (April 22, 2002) to the MSPB BOARD.

3.16 2004-09-27 MSPB Split BOARD and FINAL decision (97 M.S.P.R. 366) affirming MSPB A.J. Freet's initial decision (SE-0731-01-0261-I-2).

3.17 2004-10-08 (USDCWWa 2004-5669 RJB), Henry Gossage appealed the September 27, 2004, MSPB BOARD (**97 M.S.P.R. 366**) final decision, affirming OPM (McCue) May 16, 2001, Initial Negative Suitability Determination.

3.18 Pending 97 M.S.P.R. 366 (MSPB SE-0731-01-0261-I-2) appeal before J. Bryan USDCWWa 2004-5669 RJB, OPM (Truckley) made a **New, Material, and FINAL** 5 C.F.R. § 731 et seq., SUITABILITY Determination on **December 27, 2004** in **OPM Investigation 01-904-277**.

3.19 Defendant, OPM's NEW and FINAL Suitability Determination (Truckley) on DECEMBER 27, 2004 (5 C.F.R. § 731). OPM **OVERTURNED AND VACATED** its May 16, 2001 (McCue), Initial Suitability Determination (5 C.F.R. § 731), **AND REINSTATING** Plaintiff **QUALIFIED, ELIGILE, and SUITABLE** to USDOL/OSHA's Industrial Hygienist position (OSH-00-87 and OSH-00-87-S-1) and ALL Federal Employment.

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

3.20    Defendant, OPM (Truckley) **OVERTURNED AND VACATED** Enterline's November 30, 2000 and USDOL/OSHA (Jones, 2000-11-17) Pass-Over request (5 C.F.R. 332.406, 5 U.S.C. § 3318(b)(1)), USDOL/OSHA (Jones) on DECEMBER 27, 2004.

3.21    OPM further REINSTATED Plaintiff ELIGILE, QUALIFIED, and SUITABLE as a Preference Eligible Veteran to USDOL/OSHA Certificate of Eligibles vacant Industrial Hygienist position and ALL federal employment.

3.22    Defendant, OPM (Truckley) **TIMELY NOTIFIED** [5 U.S.C. § 3318(b)(1), 5 C.F.R. §§'s 731.304, 404] USDOL/OSHA of its DECEMBER 27, 2004, FINAL Suitability/Eligibility/QUALIFIED Determination, WHERE OPM OVERTURNED AND VACATED OPM's (McCue) May 16, 2001, Initial Suitability Determination and Enterline's November 30, 2000, pass-over request (5 C.F.R. 332.406, 5 U.S.C. § 3318, 5 C.F.R. § 731).

3.23    Defendant, OPM (Truckley) **TIMELY NOTIFIED** the U.S. Attorney General for Western Washington (USDCWWa 2004-5669 RJB) of this New and Material Evidence and its DECEMBER 27, 2004, FINAL Suitability Determination, WHERE OPM had OVERTURNED AND VACATED OPM's (McCue) May 16, 2001, Initial Suitability

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Determination and Enterline's November 30, 2000, pass-over request (5 C.F.R. 332.406, 5 U.S.C. § 3318, 5 C.F.R. § 731).

3.24   Defendant, OPM (Truckley) **CONCEALED** and **DID NOT NOTIFY** [5 U.S.C. § 3318(b)(1), 5 C.F.R. §§'s 731.304/404] Henry Gossage of its **DECEMBER 27, 2004**, NEW, Material, and FINAL Suitability Determination, affecting the entire case from inception, WHERE OPM had OVERTURNED AND VACATED OPM's (McCue) May 16, 2001, Initial Suitability Determination and OPM's (Enterline) November 30, 2000, pass-over request (5 C.F.R. 332.406, 5 U.S.C. § 3318, 5 C.F.R. § 731).

3.25   Defendant, USDOL/OSHA **DID NOT NOTIFY** Plaintiff of OPM's (Truckley) DECEMBER 27, 2004, NEW EVIDENCE and FINAL Suitability Determination, VACATING OPM's (McCue) May 16, 2001, Initial Suitability Determination (5 C.F.R. 731), VACATING OPM's (Enterline) November 30, 2000, and USDOL/OSHA (Jones) November 17, 2000, pass-over request (5 C.F.R. 332.406, 5 U.S.C. § 3318), where OPM Reinstated Henry Gossage Suitable, Eligible, and Qualified as a preference eligible veteran to USDOL/OSHA's Seattle Industrial Hygienist Certificate of Eligibles (OSH-00-87 and OSH-00-87-S-1) and **ANY/ALL** federal employment.

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

3.26   Defendant, U.S. Attorney General for Western Washington, USAGWWa, (USDCWWa 2004-5669 RJB) CONCEALED, OMITTED, MISREPRRESENTED, and **DID NOT NOTIFY or DISCLOSE** to Henry Gossage and USDCWWa (2004-5669) J. Bryan of OPM's NEW and Material EXCULPATORY EVIDENCE affecting the outcome of this Veteran Preference Eligibility Employment and SUITABILITY AND MSPB (SE-00-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-I-2, OSH-00-87 Position) CASE that was pending before J. Bryan Court from OPM's DECEMBER 27, 2004, NEW and FINAL Suitability Determination, where OPM FURTHER VACATED its May 16, 2001 (5 C.F.R. § 731), and its November 30, 2000 (5 U.S.C. § 3318, 5 CFR 332.406), pass-over of a preference eligible veteran on **DECEMBER 27, 2004**.

3.27   Defendant OPM (Truckley) **DID NOT NOTIFY** the MSPB that OPM VACATED its May 16, 2001, Initial Suitability Determination on DECEMBER 27, 2004.

3.28   Defendant USDOL/OSHA **DID NOT NOTIFY** the USDCWWa of OPM's DECEMBER 27, 2004, NEW and FINAL Suitability Determination.

3.29   Henry Gossage 2011-04-11 FOIA request to OPM disclosed New and Material Evidence affecting the outcome of ALL Decisions that were based on OPM's (McCue) 2001-05-18 Initial Suitability Determination and

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Eligibility for OSH-00-87/OSH-00-97-S-1 Industrial Hygienist position as a preference eligible veteran.

3.30   OPM's **December 27, 2004**, New, Material, and Final Suitability Determination that VACATED OPM's Karen McCue May 16, 2001, Negative Suitability Disqualification and Debarment is an admission in FACT that plaintiff was Qualified, Eligible, and Suitable for the USDOL/OSHA Industrial Hygienist position in Seattle for which Henry Gossage applied in September 2000 and that these acts were done intentionally discriminatory and maliciously under color of law to violate Henry Gossage's civil and veteran protected rights.

3.31   OPM's December 27, 2004, New, Material, and Final Suitability Determination that VACATING OPM's Karen McCue May 16, 2001, Negative Suitability Disqualification, Eligibility, and Debarment supports the USDOL/OSHA and OPM violated 5 U.S.C. § 2302 (Prohibited Personnel Practice), 5 U.S.C. § 23318, USERRA, and VEOA.

3.32   Henry Gossage brings this VEOA, USERRA, 5 U.S.C. § 2302, and 5 C.F.R. § 731 et seq. Suitability personnel action alleging the agencies and its employees from: Occupational Safety and Health Administration (OSHA); Federal Investigations Processing Unit (FIPC); United States Department of Labor, United State Office of Personnel Management; and

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

its legal counsel, United States Attorney General; and United States of America Merit Systems Protection Board retaliated WRONGFULLY Determined Henry Gossage to be UNSUITABLE for federal employment and their wrongful personnel actions and determination were motivated by DISCRIMINATION Race, Age, person with a Physical Disability, and Retaliation as an honorably discharged Disabled Veteran.

3.33    It's an ADMISSION and UNDISPUTED FACT, pending appeal before MSPB A.J. Freet, OPM originally unilaterally partial withdrawal Karen McCue's 5 C.F.R. § 731 et seq., negative suitability determination. This OPM initial action supported Henry Gossage was INNOCENT of all the charges, and Henry Gossage was qualified, eligible, and suitable for the USDOL/OSHA Seattle Industrial Hygienist Certificate of Eligible (OSH-00-87, OSH-00-87-S-1), but for OPM and USDOL discriminatory and retaliatory motives.

3.34    It's an ADMISSION and UNDISPUTED FACT, on **DECEMBER 27, 2004** (5 C.F.R. § 731), OPM (Truckley) **OVERTURNED AND VACATED** Karen McCue's May 16, 2001, Initial Suitability DisQualification/Ineligibility/Debarment Determination (5 C.F.R. § 731).

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 14

3.35  It's an ADMISSION and UNDISPUTED FACT, **OPM REINSTATED** Henry Gossage **QUALIFIED, ELIGILE, and SUITABLE** to USDOL/OSHA's Industrial Hygienist position (OSH-00-87 and OSH-00-87-S-1) and ALL Federal Employment

3.36  Additionally, Henry Gossage alleges the above federal agencies, employees, and its legal counsel conspired to violate his civil rights, VEOA, and USERRA right to federal employment under Washington State Law and Federal Law, and recognizing Henry Gossage's status for employment preference as a 30+% service-connected disabled veteran.

3.37  The United States District Court has jurisdiction over this action as the claims brought arise from federal questions pursuant to 28 USC § 1331; Fifth Amendment Due Process under the United States Constitution; Federal Rules of Civil Procedures; and Discrimination (Civil Rights Act 1964 Title VII), USERRA, VEOA, and the Freedom of Information Act, 5 USC § 552.

3.38  Jurisdiction and Venue is proper in the US District Court pursuant: U.S. Constitution 5th Amendment; 5 U.S.C. §§'s 7701, 7702, 7703, 1204; 28 U.S.C. § 1391(e); 5 U.S.C. §§'s 702, 704, 706; 5 U.S.C. § 2302; 5 U.S.C. § 3318; 28 U.S.C. § Appendix Title VII (Federal Rules of Civil

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 15

Procedure 60); USERRA, 38 U.S.C. § 4311(b); Veterans Employment Opportunities Act of 1998 ("VEOA"), 5 U.S.C. § 3304; Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)); Section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b));

18 U.S.C. §§'s 242, 371; 42 U.S.C. §§'s 1983, 1985.

3.39   Jurisdiction and Venue is proper in the U.S. District Court pursuant to 5 U.S.C. § 7701(e)(1)(B) or **5 C.F.R. § 1201.118** (Board Reopening); 38 U.S.C. § 4327 (Non-compliance and Statute of Limitations).

*See also* 5 C.F.R. § 731 et seq.; 5 C.F.R. § 1201 et seq.; and 38 U.S.C. §§'s 4301-4335 (USERRA).

3.40   Addition jurisdiction, venue, and authority in a MIXED Case originally brought before the MSPB is proper before the U.S. District Court to **reopen any decision at any time**: 5 U.S. Code § 7701(e)(1)(B); 5 C.F.R. § 1201.118; 5 U.S. Code § 704; FRCP 26, 34, 59, 60, including omission, misrepresentation, and "Fraud on the Court" by Defendants to judicially review OPM's Kim Truckley's **December 27, 2004**, new and final suitability determination overturning and vacating OPM's Karen McCue's **May 16, 2001**, Negative Suitability disqualification, ineligibility,

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 16

and debarment Determination and take corrective action is subject to review for which there is no other adequate remedy. ***See Kloeckner v. Solis***, 568 U.S. 41 (2012).

3.41    Additionally. Plaintiff respectfully submits that these acts were done under color of law and were done intentionally and maliciously, such that punitive damages should also be awarded as well as all compensatory damages, costs, and attorney's fees as provided by law.

3.42    Washington State Constitution; RCW 73.16 et seq., RCW 73.16 et seq., RCW 49.60 et seq., 28 USC § 1391(a)(2), 28 USC § 1391(e)(1), 28 USC § 1391(e)(2), 42 U.S.C. § 1983, and 42 U.S.C. § 1983.

## IV. CAUSES OF ACTION

4.1    Plaintiff incorporates by reference the preceding paragraphs (1.1-3.33 above) and reaffirms the allegations set forth above.

Federal Rules of Civil Procedures 59, 60, 26, and 34, 42 U.S.C. §1981, 42 U.S.C. §1981a, 20 C.F.R. § 1002.19 and 42 U.S.C. §1983, Violation of Civil Rights. Defendants have violated Henry Gossage's civil rights based on discrimination and for its affirmative failure to honor federally mandated Veteran's preferences and other federal laws including but not limited to

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 17

5 C.F.R. Section 731.103(d) and 731.501; 5 U.S.C. §2302 in which establishes prohibited personnel practices; 42 U.S.C. §§'s 2000(e)-16; 5 U.S.C. Section 1221(a); 29 C.F.R. §§'s1404.101, 102, 103; 42 U.S.C. §§'s 1981, 1985; 28 U.S.C. § 2509; Veterans Employment Opportunity Act of 1998 (VEOA); Uniformed Service Employment and Reemployment Rights Act of 1994, 38 U.S.C. Section 4301 et seq. (USERRA); Civil Rights Act Protecting Against Discrimination for Race, Age, Veteran's Rights, and being a Person of Physical Disability; and 5 U.S.C. § 3330(a).

4.2    Plaintiff alleges that Defendants conspired to deprive Plaintiff of his Constitutional Right to due process provided under the Fifth Amendment of the US Constitution, Federal RCP (26, 34, 60), Civil Rights, USERRA and VEOA Violation.

4.3    Plaintiff alleges that Defendants' conspiracy deprived him of a protected property right without due process deprived him of a job, pay, and benefits. Civil Rights, USERRA and VEOA Violation.

4.4    Plaintiff further alleges that the United States Office of Personnel Management (OPM) and USDOL/OSHA violated the Freedom of Information Act by wrongfully withholding the OPM'S (Truckley) December 27, 2004, NEW AND MATERIAL Determination in OPM

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 18

Investigation 01-904-277, and VACATING and OVERTURNING OPM's (Karen McCue) **May 16, 2001**, Negative Suitability Disqualification, ineligibility, and debarment Determination, corrective action is subject to review for which there is no other adequate remedy.

## V.     PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following Relief, based on OPM's (Kim Truckley) **December 27, 2004**, New and Final 5 C.F.R. § 731 et seq., Suitability Determination (OPM Investigation 01-904-277)as follows:

5.1     **VACATE** OPM's (McCue) May 16, 2001, Initial 5 C.F.R. § 731 et seq. Suitability Determination.

5.2     **VACATE** OPM's (Enterline) November 30, 2000, SF 62 Pass-Over Request of a Preference Eligible on Suitability.

5.3     **VACATE** MSPB BOARD SE-0731-01-0261-I-2 (97 M.S.P.R. 366), September 27, 2004, Final Decision.

5.4     **VACATE** MSPB SE-0731-01-0261-I-2, April 22, 2002, Initial Decision.

5.5     **VACATE** USDCWWa 2004-5669 RJB.

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 19

5.6    The COURT GRANT Henry Gossage the following relief by reference the preceding paragraphs (1.1-3.33 above) and reaffirms the allegations set forth above:

a.  OSHA and its employees violated Henry Gossage Rights.

b.  USDOL and its employees violated Henry Gossage Rights.

c.  OPM and its employees violated Henry Gossage Rights.

d.  MSPB and its employees violated Henry Gossage Rights.

e.  USAGWWa and its employees violated Henry Gossage Rights.

5.7    **JURY TRIAL** on all issues Triable and Damages (USERRA, VEOA, Discrimination, retaliation, harassment).

5.8    All compensatory and punitive damages, including, but not limited to: pain and suffering, retaliation, back pay, including benefits and promotions that Plaintiff would have received had he been provided the position he was entitled to receive in 2001, and prejudgment interest.

5.9    Front pay, or a position as an IH with restoration of all promotions, seniority and benefits he is rightfully entitled to receive.

5.10   Damages under the Freedom of Information Act for failure to release the 2004 rescission of the non-suitability decision.

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 20

5.11   Reasonable attorneys' (Doummit, Hawthorne, Owada) fees and costs incurred from 1997 in bringing this action.

5.12   Such other relief this Court deems just and equitable under the circumstances.

Dated this 10th day of September, 2024.

By_____
Henry Eugene Gossage,
Veteran Pro Se

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          September 10, 2024

Signature of Plaintiff

Printed Name of Plaintiff          Henry Eugene Gossage

COMPLAINT FOR DAMAGES

Henry Eugene Gossage
P.O. BOX 1102
Oceans Shores, WA 98569
(360) 459-0751
hegossage@gmail.com

Page 22