UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY GOSSAGE, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF LABOR; UNITED STATES DEPARTMENT OF JUSTICE; MERIT SYSTEM PROTECTION BOARD, <br><br> Defendant. | Case No. 3:24-cv-05765-TMC <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL |

Before the Court is pro se Plaintiff Henry Gossage's motion to appoint counsel. Dkt. 12. For the reasons explained below, the Court DENIES Mr. Gossage's motion.

### I.   BACKGROUND

Mr. Gossage filed this case on September 11, 2024. Dkt. 1. Mr. Gossage, a Vietnam War veteran, alleges that his application to work at the Department of Labor, Occupational Safety and Health Administration ("OSHA") in 2000 was wrongfully denied and that he was retaliated against based on his veteran status, race, age, and disability. *See* Dkt. 1 ¶¶ 2.1, 3.3–3.32. He

states several causes of action, including violations of the United States Constitution, Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA"), and Title VII of the Civil Rights Act of 1964. *See id.* ¶ 3.1. Mr. Gossage has alleged similar facts and claims in prior lawsuits in this district. *See, e.g.*, *Gossage v. Terril*, C12-0631-JCC, 2012 WL 12874960 (Nov. 8, 2012); *Gossage v. Merit System Protection Bd.*, C16-5051-RBL, 2016 WL 1158695 (Mar. 23, 2016).

On November 27, 2024, Mr. Gossage filed this motion for court-appointed counsel. Dkt. 12. He states that he has been granted a USERRA filing fee waiver in past cases. *Id.* at 1; 38 U.S.C. § 4323(h)(1) ("No fees or court costs may be charged or taxed against any person claiming rights under this chapter."). Mr. Gossage included no other basis for seeking court-appointed counsel, including explanation of his financial resources, efforts he has made to secure counsel, or the merit of his claim. *See* Dkt. 12.

## II.   DISCUSSION

There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). But in employment discrimination cases arising under Title VII of the 1964 Civil Rights Act, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When considering a request for counsel the Court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

Mr. Gossage has not provided enough information for the Court to assess his request for counsel. Although the Court has granted Mr. Gossage a filing fee waiver based on his USERRA claim, *see* Dkt. 1, USERRA does not provide a basis for appointment of counsel. *See* U.S.C.

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

§ 4323(h)(1). Nor does a USERRA fee waiver explain his financial resources. *See Bradshaw*, 662 F.2d at 1318. Mr. Gossage also has provided no information on his attempts to secure counsel or provided sufficient information about the potential merit of his latest claims. *See id*; Dkt. 12. The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the requirements of the Civil Rights Act. Mr. Gossage's case does not currently meet that standard.

### III.   CONCLUSION

At this stage of the case, Mr. Gossage does not meet the requirements for court-appointed counsel under Title VII. The Court therefore DENIES his motion to appoint counsel. Dkt. 12. This does not prevent Mr. Gossage from bringing another motion for appointed counsel at a later stage of the case.

The Court encourages Mr. Gossage to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of January, 2025.

Tiffany M. Cartwright
United States District Judge