1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

HENRY GOSSAGE,

9
                            Plaintiff,

10
            v.

11
OFFICE OF PERSONNEL

12
MANAGEMENT; UNITED STATES

13
DEPARTMENT OF LABOR; UNITED

14
STATES DEPARTMENT OF JUSTICE;

15
MERIT SYSTEM PROTECTION BOARD,

16
                            Defendant.

Case No. 3:24-cv-05765-TMC

ORDER GRANTING MOTION TO STAY
DISCOVERY

17
18

## I.    INTRODUCTION

19

        This case arises from the denial of pro se Plaintiff Henry Gossage's application for

20
federal employment in 2000. Gossage asserts he was discriminated and retaliated against,

21
alleging constitutional and statutory claims against Defendants Office of Personnel Management

22
("OPM"), United States Department of Labor ("DOL"), United States Department of Justice

23
("DOJ"), and the Merit System Protection Board ("MSPB"). *See generally* Dkt. 1.

24

Defendants have moved to dismiss the claims against them. Dkt. 6. Defendants have also moved to stay discovery until the Court rules on the motion to dismiss. Dkt. 16. For the reasons explained below, the motion to stay discovery, Dkt. 16, is GRANTED.

## II.    BACKGROUND

Mr. Gossage filed this lawsuit on September 11, 2024. Dkt. 1. Mr. Gossage, a Vietnam War veteran, alleges wrongful denial and retaliation by DOL and OPM when they bypassed his preference eligible veteran application in September 2000. *See* Dkt. 1 ¶¶ 2.1, 2.6–2.8. Mr. Gossage applied for an Industrial Hygienist position at Occupational Safety and Health Administration ("OSHA") within DOL but was notified he would not be offered the position— despite his veteran preference—because of a negative suitability determination. *Id.* ¶¶ 3.3–3.5, 3.8. Mr. Gossage also asserts claims against MSPB, where he unsuccessfully appealed the negative suitability decision up until OPM ultimately rescinded it and reinstated his federal employment eligibility. *Id.* ¶¶ 3.14–3.21; 3.32. Mr. Gossage further claims the U.S. Attorney for Western Washington, along with DOL and OPM, failed to timely notify and sought to conceal the reinstatement of his employment eligibility. *Id.* ¶¶ 3.24–3.28; 3.32.

Mr. Gossage asserts Defendants' discriminatory employment actions were motivated by his veteran status, race, age, and disability. *See id.* ¶ 3.32. He states several causes of action, including violations of the United States Constitution, Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA"), Veterans Employment Opportunities Act of 1998 ("VEOA"), Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the Freedom of Information Act ("FOIA"). *See id.* ¶ 3.1, 4.4. Mr. Gossage has alleged similar facts and claims in prior lawsuits in this district. *See, e.g.*, *Gossage v. Terril*, C12-0631-JCC, 2012 WL 12874960

(W.D. Wash. Nov. 8, 2012); *Gossage v. Merit System Prot. Bd.*, C16-5051-RBL, 2016 WL 1158695 (W.D. Wash. Mar. 23, 2016).

On November 13, 2024, Defendants moved to dismiss. Dkt. 6. Mr. Gossage responded, Dkt. 8, Defendants replied, Dkt. 13, and Mr. Gossage filed a surreply, Dkt. 14.

On January 17, 2025, Defendants moved for a stay of discovery until the Court rules on the motion to dismiss. Dkt. 16. Mr. Gossage responded to the motion to stay discovery, Dkt. 17, and Defendants replied, Dkt. 18.

### III.    LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). As part of that authority, district courts have "wide discretion in controlling discovery," including by staying discovery when warranted. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

As other courts in this district have recognized, "[t]he Ninth Circuit does not appear to have set forth any rules or standards governing such stays of discovery." *Hold Sec. LLC v. Microsoft Corp.*, No. 2:23-cv-899-MJP, 2023 WL 7920434, at *1 (W.D. Wash. Nov. 16, 2023). The "mere existence of a dispositive motion does not warrant a stay of discovery." *Id.* Rather courts often "examine the nature of the pending Rule 12(b) motion" to determine whether a stay is appropriate. *Id.* In doing so, courts may look to several factors to guide their exercise of discretion, such as "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law[.]" *Subspace Omega, LLC v. Amazon Web*

*Servs., Inc.*, No. 2:23-cv-01772-TL, 2024 WL 4451404, at *1 (W.D. Wash. Oct. 9, 2024) (cleaned up); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## IV.    DISCUSSION

The Court finds these factors support a stay. First, Defendants' pending motion to dismiss could dispose of the entire case. Dkt. 6 at 5–11. "Without commenting on the merits of Defendant[s'] pending motion, the Court notes that the motion is not frivolous." *Subspace Omega, LLC*, 2024 WL 4451404, at *2. Defendants assert that the Court lacks subject matter jurisdiction for some claims, that certain claims have been previously litigated by Mr. Gossage and are barred by issue or claim preclusion, and that still other claims have not been exhausted administratively, are time-barred, or otherwise moot. *See* Dkt. 6 at 5–11. Even "[i]f resolution of the motion to dismiss does not dispose of the [entire] case, it will focus the scope of discovery" on the remaining claims. *See Lazar v. Charles Schwab & Co. Inc.*, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014).

Further, the motion to dismiss can be decided without additional discovery because it presents purely legal issues. *See* Dkt. 6 at 5–11; *Lazar*, 2014 WL 12551210, at *2 (granting stay because motion to dismiss is "potentially dispositive of the case and presents purely legal issues[.]"); *cf HUB Int'l Nw. LLC v. Larson*, No. C22-1418, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023) (declining stay in part because motion to dismiss "does not raise 'pure' legal questions of subject matter jurisdiction, immunity, and the like[.]").

Any damage from granting a stay of discovery is also minimal. Mr. Gossage does not mention any damage he would suffer if the stay was granted. *See generally* Dkt. 17. That the events at issue occurred over twenty years ago likely also mitigates any damage that a temporary delay of discovery would have. *See* Dkt. 6 at 1.

Not granting a stay would also impose hardship on Defendants. As Defendants describe, "Plaintiff has brought discrimination claims regarding actions he alleged happened over 20 years ago, involving a myriad of government agencies. . . [where] extensive document discovery is anticipated." Dkt. 16 at 3. Indeed, "Plaintiff has . . . already issued premature discovery requests to Defendants even though the Court's deadline for a Rule 26(f) conference is not for several weeks." *Id.* "Thus, Defendant[s] may suffer harm in being required to go forward with discovery at this stage, particularly given the breadth of Plaintiff's requests." *Subspace Omega, LLC*, 2024 WL 4451404, at *2.

Finally, staying discovery pending resolution of the motion to dismiss is more likely to simplify the issues "even if the motion does not result in dismissal of all claims . . . [as] the Parties will have a greater understanding of the claims as they engage in discovery." *See id.* at 2. Accordingly, the Court finds that a stay of discovery is appropriate.

## V.    CONCLUSION

For the reasons explained above, Defendants' motion for a stay of discovery, Dkt. 16, is GRANTED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of February, 2025.

Tiffany M. Cartwright
United States District Judge