UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY GOSSAGE, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF LABOR; UNITED STATES DEPARTMENT OF JUSTICE; MERIT SYSTEM PROTECTION BOARD, <br> Defendants. | Case No. 3:24-cv-05765-TMC <br><br> ORDER GRANTING MOTION TO DISMISS |

### I.  INTRODUCTION

This case arises from the denial of pro se Plaintiff Henry Gossage's application for federal employment in 2000. Mr. Gossage asserts he was discriminated and retaliated against, alleging constitutional and statutory claims against Defendants Office of Personnel Management ("OPM"), United States Department of Labor ("DOL"), United States Department of Justice ("DOJ"), and the Merit System Protection Board ("MSPB"). *See generally* Dkt. 1. This is not Mr. Gossage's first time asserting these claims in this Court. *See, e.g.*, *Gossage v. Terril*, C12-0631-JCC, 2012 WL 12874960 (W.D. Wash. Nov. 8, 2012); *Gossage v. Merit Sys. Prot. Bd.*, C16-5051-RBL, 2016 WL 1158695 (W.D. Wash. Mar. 23, 2016). In fact, several of the claims Mr. Gossage asserts here were the subject of motions that this Court and the Ninth Circuit have

previously found frivolous. *See Gossage v. Office of Pers. Mgmt.*, No. C04-5669RJB, 2022 WL 19568636 (W.D. Wash. Jul. 25, 2022); *Gossage v. Office of Pers. Mgmt.*, No. 22-35643, 2022 WL 19562265 (9th Cir. Dec. 9, 2022).

Defendants have again moved to dismiss Mr. Gossage's claims. Dkt. 6. For the reasons explained below, the motion to dismiss is GRANTED.

## II.   BACKGROUND

Mr. Gossage filed this lawsuit on September 11, 2024. Dkt. 1. A Vietnam War veteran, Mr. Gossage applied for an industrial hygienist position at the Occupational Safety and Health Administration ("OSHA") within DOL in September 2000. *Id.* ¶ 3.3. Despite the agency's veteran hiring preference, he was notified he would not be offered the position. *See id.* ¶¶ 3.3–3.5, 3.8. OSHA requested permission from OPM to "pass-over" Mr. Gossage's application based on a prior felony conviction. *See id.* ¶¶ 3.7–3.8. OPM granted the request on November 20, 2000, and initiated a suitability investigation into Mr. Gossage on November 30, 2000. *Id.* ¶¶ 3.9–3.10. OPM later issued an initial negative suitability determination on May 16, 2001, debarring Mr. Gossage from federal employment. *Id.* ¶ 3.12. Mr. Gossage alleges wrongful denial and retaliation by DOL and OPM for bypassing his application as a preference-eligible veteran. *See id.* ¶¶ 2.1, 2.6, 2.8.

Mr. Gossage asserts claims against MSPB, where he unsuccessfully appealed OPM's negative suitability decision in April 2002 and September 2004. *Id.* ¶¶ 3.14–3.16; 3.32. While his appeal of the September 2004 decision was pending, OPM rescinded the May 16, 2001 negative suitability determination and reinstated Mr. Gossage's federal employment eligibility on December 27, 2004. *Id.* ¶¶ 3.17–3.21. Mr. Gossage also claims that DOL and OPM, along with the U.S. Attorney for Western Washington, failed to timely notify and sought to conceal the reinstatement of his eligibility. *Id.* ¶¶ 3.24–3.28; 3.32.

Mr. Gossage alleges that Defendants' discriminatory employment actions were motivated by his veteran status, race, age, and disability. *See id.* ¶ 3.32. He states several causes of action, including violations of the due process clause of the United States Constitution, Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA"), Veterans Employment Opportunities Act of 1998 ("VEOA"), Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the Freedom of Information Act ("FOIA"). *See id.* ¶¶ 3.1, 3.32, 4.1–4.4.

Mr. Gossage has alleged similar facts and claims in prior lawsuits in this district, *see, e.g.*, *Gossage*, 2012 WL 12874960; *Gossage*, 2016 WL 1158695; *Gossage v. OPM, et al.*, No. C04-5669RJB (W.D. Wash. Mar. 24, 2005), and outside of it, *see, e.g.*, *Gossage v. Merit Sys. Prot. Bd.*, 513 F. App'x 981 (Fed. Cir. 2013); *Gossage v. Merit Sys. Prot. Bd.*, 861 F. App'x 426 (Fed. Cir. 2021).

On November 13, 2024, Defendants moved to dismiss. Dkt. 6. Mr. Gossage responded, Dkt. 8, Defendants replied, Dkt. 13, and Mr. Gossage filed a surreply, Dkt. 14. While the motion to dismiss was pending, Defendants moved for a stay of discovery, Dkt. 16, which this Court granted. Dkt. 20. The motion to dismiss is fully briefed and ripe for the Court's consideration.

### III.   LEGAL STANDARDS

#### A.   12(b)(1) Motion to Dismiss

A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such challenges may be either "facial" or "factual." "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing

evidence outside the pleadings." *Id.* Where, as here, the Court responds to a facial attack, the Court will resolve the challenge "as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

**B.       12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings, including prior court filings." *Gossage*, 2012 WL 12874960, at *2 (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)) (cleaned up).

### IV.   DISCUSSION

**A.   This Court lacks jurisdiction to vacate MSPB decisions or consider Mr. Gossage's veterans' rights or discrimination claims.**

Mr. Gossage requests that the Court vacate the MSPB's April 2002 and September 2004 decisions affirming OPM's initial negative suitability determination. Dkt. 1 ¶¶ 5.3–5.4. Mr. Gossage also seeks a jury trial for damages pertaining to "USERRA, VOEA, discrimination, retaliation, and harassment[.]" *Id.* ¶ 5.7. An applicant for federal employment may appeal to the MSPB based on a suitability determination by OPM. 5 U.S.C. § 7701(a); 5 C.F.R. § 731.501(a). A person who alleges that a federal agency violated USERRA or VEOA may also appeal to the MSPB. *See* 38 U.S.C. § 4324. With limited exceptions, a petition for judicial review of an adverse MSPB decision must be filed in the United States Court of Appeals for the Federal Circuit within 60 days of the final decision of the Board. 5 U.S.C. § 7703(b)(1)(A); *see also Burroughs v. United States Dep't of Army*, 651 F. App'x 651, 651 (9th Cir. 2016) (concluding that the district court "properly determined it lacked subject matter jurisdiction" over plaintiff's

ORDER GRANTING MOTION TO DISMISS - 5

USERRA claims which must be presented to the MSPB with a right to appeal to the Federal Circuit). Thus, on its face, this Court lacks authority to grant Mr. Gossage relief. *See id.*

Mr. Gossage argues that the Court has subject-matter jurisdiction in a mixed case appeal. *See* Dkt. 1 ¶ 3.40. "When a federal employee suffers a qualifying adverse employment action that is appealable to the MSPB *and* attributes the agency's decision, in whole or part, to unlawful discrimination, the employee has what is known as a 'mixed case.'" *Crowe v. Wormuth*, 74 F.4th 1011, 1023 (9th Cir. 2023) (citations omitted) (emphasis in original). After the MSPB issues a final decision, the applicant may "bring his case in the appropriate federal district court (not the Federal Circuit)." *Id.* at 1024 (citations omitted). Importantly, a prospective plaintiff "must exhaust" the applicable administrative process before filing an appeal in district court. *Id.* (citations omitted).

First, the Court has previously found that this is not a mixed case appeal. In his initial suit in this district in 2004, Mr. Gossage alleged OPM and DOL failed to honor his federally mandated veterans' preference in violation of USERRA and VEOA and discriminated against him based on his race, age, and disability. Dkt. 8 at 3; Dkt. 6 at 2; *see also Gossage*, No. 04-5669-RJB, Dkt. 1 ¶ 3.2 (Oct. 8, 2004). The court there construed Mr. Gossage's suit as an appeal of the MSPB's decision affirming the negative suitability determination and remanded to the Federal Circuit because it was "not a 'mixed case appeal.'" *Gossage*, No. 04-5669-RJB, Dkt. 47 at 8. The court found that because the MSPB's September 2004 decision "did not reach the merits of plaintiff's discrimination and veterans' rights claims," Mr. Gossage's only path back to the district court would require the Federal Circuit reversing and remanding the September 2004 decision to the MSPB, thus making it "possible for plaintiff to develop his discrimination claims and his veteran rights preference claims." *Id.* at 9. "Then, only if the MSPB rules against plaintiff on his discrimination claims . . . could plaintiff file an appeal of such an adverse MSPB decision

ORDER GRANTING MOTION TO DISMISS - 6

and allege discrimination claims as a mixed appeal within the jurisdiction of the federal district court." *Id*.

But when given the opportunity, Mr. Gossage failed to exhaust his claims through the MSPB process. After the Federal Circuit "remanded the appeal for the Board to consider [Mr. Gossage's] discrimination claims . . .[he] withdrew his Title VII claims prior to the hearing." *Gossage v. OPM*, No. SE-0731-01-0261-I-F, 2008 MSPB LEXIS 3964, at *9 n.1 (M.S.P.B. Jul 8, 2008). "Having chosen to challenge his [suitability determination] in a mixed case appeal before the MSPB, [Mr. Gossage] was required to raise before that body all theories of discrimination that he believed applied to that appealable personnel decision." *See Crowe*, 74 F.4th at 1034. Mr. Gossage neither addresses nor disputes that he failed to raise his discrimination claims when the case was remanded. *See generally* Dkts. 8, 14. Because Mr. Gossage abandoned any discrimination claims in 2008, he cannot now "seek[] judicial review in the district court" of an improperly raised mixed case appeal. *See Crowe*, 74 F.4th at 1034.

And even if Mr. Gossage could raise a mixed case appeal in this Court, his appeal would be untimely. When Mr. Gossage's initial 2004 suit was remanded, the ALJ affirmed OPM's negative suitability determination, which the Board upheld on March 24, 2009. *See Gossage v. Merit Sys. Prot. Bd.*, 861 F. App'x 426, 428 (Fed. Cir. Jun. 11, 2021). A properly raised mixed case appeal must be filed within 30 days of the Board's final order. *See* U.S.C. § 7703(B)(2).

Accordingly, Mr. Gossage's discrimination claims against all Defendants are dismissed because the Court lacks jurisdiction. As discussed above, the Court also lacks authority to hear an appeal of Mr. Gossage's USERRA and VEOA claims or to vacate the MSPB's decisions. *See* 5 U.S.C. § 7703(b)(1)(A); *Gossage*, 2016 WL 1158695, at *1–2 (concluding that Mr. Gossage's

request to "vacate and void" the MSPB decisions against him must be dismissed for lack of subject matter jurisdiction).

B.  **Issue preclusion bars Mr. Gossage's request to vacate an OPM suitability determination, this Court's prior Order, and FOIA claims.**

Mr. Gossage requests that the Court vacate OPM's initial May 16, 2001 suitability determination and "OPM's . . . November 30, 2000, SF 62 Pass-Over Request of a Preference Eligible on Suitability."[1] Dkt. 1 ¶¶ 5.1–5.2. But Mr. Gossage seeks relief barred by collateral estoppel, also referred to as issue preclusion. "Issue preclusion applies when (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) (quoting *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019)). Collateral estoppel applies to final determinations by administrative agencies "acting in a judicial capacity." *Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991); *Int'l Bhd. of Teamsters, Airlines Div. v. Allegiant Air, LLC*, 788 F.3d 1080, 1089 (9th Cir. 2015) (similar).

First, the issues at stake are identical to previous actions filed with the MSPB. As discussed above, Mr. Gossage's first suit in this Court appealed OPM's negative suitability determination and associated pass-over request that denied him the industrial hygienist position. *Gossage*, No. 04-5669-RJB, Dkt. 1 ¶ 1.4 (W.D. Wash. Oct. 8, 2004) ("Plaintiff brought a personnel action alleging . . . OPM and DOL (OSHA) wrongfully determined Plaintiff was unsuitable for federal employment[.]"); *Id.* ¶ 2.11 ("OSHA obtained permission from OPM to

---

[1] According to Mr. Gossage's complaint, OPM granted OSHA's pass-over request on November 20, 2000. Dkt. 1 ¶ 3.9. OPM began a suitability investigation into Mr. Gossage on November 30, 2000. *Id.* ¶ 3.10. Mr. Gossage's requested relief appears to conflate the two actions he seeks relief from, though its resolution does not impact the analysis.

ORDER GRANTING MOTION TO DISMISS - 8

pass over plaintiff, a compensable disabled veteran for this position. OPM granted this request and plaintiff was denied the position."); *see also id.* Dkt. 47 at 7 ("[P]laintiff is attempting to appeal the MSPB decision [upholding the OPM determination] and to allege claims of discrimination.").

Second, OPM's negative suitability determination and pass-over request were actually litigated. In its July 8, 2008 decision, the ALJ found that OPM "established by substantial evidence that [Mr. Gossage] was not suitable for employment as an [i]ndustrial [h]ygienist." *Gossage*, 2008 MSPB LEXIS 3964, at *11; *see also id.* ("I see no difference between the appellant's 'conviction,' which OPM argues was the basis of his passover, and his 'criminal background,' which OPM argues was the basis for the rescinded government-wide negative suitability determination and debarment."). The Board later affirmed the ALJ's decision. *Gossage v. OPM*, No. SE-0731-01-0261-I-5, 2009 MSPB LEXIS 1673, at *1 (Mar. 24, 2009); *see also Gossage*, 861 F. App'x at 428.

Third, there was a full and fair opportunity to litigate the issues in prior actions filed with the MSPB. As described above, after Judge Bryan remanded Mr. Gossage's case to the Federal Circuit on jurisdictional grounds, *see Gossage*, No. 04-5669-RJB, Dkt. 47 at 9, the Federal Circuit returned the case to the Board to consider Mr. Gossage's discrimination claims as well as "whether OPM's decision was supported by substantial evidence." *Gossage*, 2008 MSPB LEXIS 3964, at *8; *see also id.* n.1. And fourth, the issues—OPM's initial negative suitability determination and pass-over request—were necessary to the ALJ and Board's finding that OPM's determination was substantially justified. *See id.* at *11. Accordingly, Mr. Gossage's request to vacate OPM's suitability determination and pass-over request is precluded. *See* Dkt. 1 ¶¶ 5.1–5.2.

     Mr. Gossage also seeks to vacate the judgment in *Gossage*, No. C04-5669RJB that transferred his case to the Federal Circuit for lack of jurisdiction. *Id.* ¶ 5.5. The Court first notes that Mr. Gossage has directly appealed No. C04-5669RJB twice to the Ninth Circuit unsuccessfully, *see Gossage*, No. 04-5669-RJB, Dkt. 64; *Gossage*, 2022 WL 19562265, and as of June 2023, once to the Supreme Court unsuccessfully, *Gossage v. Office of Pers. Mgmt.*, 143 S.Ct. 2670 (Mem). Mr. Gossage has also moved this Court to reconsider its past transfer, first in May 2014 and then again in July 2022. *Gossage*, No. 04-5669-RJB, Dkts. 60, 69. Liberally construing Mr. Gossage's pro se filings in this case, he argues that OPM's rescission and reinstatement of his federal employment eligibility in December 27, 2004 is "new/material exculpatory evidence" that Defendants "conspired to conceal and misrepresent" before Judge Bryan. *See* Dkt. 14 at 4; Dkt. 1 ¶ 3.40.

     But even if there were now new evidence, Mr. Gossage does not explain how this Court would have jurisdiction to hear it. *See generally* Dkt. 8, 14; *supra* Part IV, Section A. Rather than presenting new evidence to overturn the Court's transfer order, however, Mr. Gossage seeks to relitigate an issue he has already thoroughly litigated. Issue preclusion extends to jurisdictional matters raised and decided, not just substantive issues. *Americana Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). The issues are identical, as Mr. Gossage seeks to vacate the judgment in Case No. 04-5669 and relitigate the same issues through this lawsuit. Dkt. 1 ¶ 5.5; *see Gossage*, No. C04-5669RJB, Dkt. 69 at 2 ("Plaintiff contended that the U.S. attorney perpetrated a fraud on the Court by concealing from him and from the Court new and material exculpatory evidence. Plaintiff requested that the Court vacate its order transferring the case to the Federal Circuit."). Second, the issues were actually litigated. *See Gossage v. OPM, et al.*, No. C04-5669RJB, Dkt. 69 at 2 ("The Plaintiff's motion . . . should be denied as frivolous . . . [because] this Court does not have jurisdiction over this case."). Third, there was a

ORDER GRANTING MOTION TO DISMISS - 10

full and fair opportunity to litigate the issues, as shown by Mr. Gossage's multiple appeals. *See id.* And lastly, the issue of the Court's subject-matter jurisdiction was necessary to the Court's judgment. *See id.* Accordingly, Mr. Gossage's claim to vacate this Court's prior ruling is also barred by issue preclusion.

Finally, Mr. Gossage claims that OPM and DOL violated FOIA by withholding the December 2004 rescission notice of his negative suitability determination and seeks monetary damages. Dkt. 1 ¶¶ 4.4, 5.10. This too is barred by issue preclusion. In his 2012 suit in this Court, Mr. Gossage alleged that OPM violated FOIA by "wrongfully withholding the 2004 rescission of the negative-suitability decision." *Gossage*, 2012 WL 12874960, at *3. In that case too, Mr. Gossage sought "damages under FOIA for failure to release the 2004 rescission of the non-suitability decision." *Id.* (cleaned up). The Court determined Mr. Gossage failed to state a FOIA claim because FOIA only authorizes injunctive relief, not monetary damages. *See id.* (citing 5 U.S.C. § 552(a)(4)(B)). As before, the alleged FOIA violation was identical, actually litigated, given a full and fair opportunity to be litigated, and was necessary to the Court's judgment on Mr. Gossage's failure to state a claim. *See Love*, 73 F.4th at 754.

C.  **Claim preclusion bars Mr. Gossage's request for declaratory relief for alleged violations of his civil rights.**

Finally, Mr. Gossage seeks declaratory relief that Defendants violated his civil rights, including his Fifth Amendment due process rights, by concealing OPM's December 27, 2004 rescission decision from him. Dkt. 1 ¶¶ 5.6; 3.24–27, 3.36; Dkt. 8 at 3–4. "*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Gossage*, 2016 WL 1158695, at *2 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)) (emphasis in original). Claim preclusion applies when there is "(1) an identity of claims, (2) a final judgment on the

merits, and (3) identity or privity between parties." *Id.* (quoting *Owens*, 244 F.3d at 713). The Ninth Circuit considers several factors in evaluating whether claims are identical, the most important of which is whether the suits involve the "same transactional nucleus of facts." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)).

All the elements of claim preclusion are present. In this case and in both Mr. Gossage's 2012 case (against officials at DOL and OPM) and 2016 case (against the MSPB), he alleges that Defendant agencies conspired against him to deprive him of his due process rights. *Compare* Dkt. 1 ¶¶ 3.24–27, 3.36 *with Gossage*, 2012 WL 12874960, at *1 ("The OPM rescinded its 2001 non-suitability determination in 2004, but Defendants allegedly conspired to keep this information from Gossage[.]") *and Gossage,* 2016 WL 1158695, at *1 ("Gossage alleges the MSPB conspired to deprive him of his due process rights by withholding the OPM's rescission decision[.]"). The only difference between the current suit and his 2012 and 2016 suits is that Mr. Gossage has alleged that the U.S. Attorney also concealed OPM's 2004 rescission decision from him during the same period. Dkt. 1 ¶ 3.26. But adding a defendant does not change the relevant inquiry that the cases arose out of the "same transactional nucleus of facts"— Mr. Gossage's 2000 non-selection, the 2001 negative suitability determination, the 2004 rescission, and the alleged subsequent concealment of the rescission. *See* Dkt. 1 ¶¶ 3.3–3.4, 3.12, 3.18, 3.24–27; *see also United States v. Liquidators of Eur. Fed. Credit Bank,* 630 F.3d 1139, 1150 (9th Cir. 2011) ("If the harm arose at the same time, then there was no reason why the plaintiff could not have brought the claim in the first action.").

The other requirements for claim preclusion are also met. The 2012 case was dismissed because it was untimely, *Gossage*, 2012 WL 12874960, at *3, and the 2016 case was dismissed on res judicata grounds (based on the identical claims in 2012), or timeliness grounds. *Gossage*,

ORDER GRANTING MOTION TO DISMISS - 12

2016 WL 1158695, at *2. Both constitute final judgments on the merits. *See Sidhu v. Fletco Co., Inc.*, 279 F.3d 896, 900 (9th Cir. 2002). There is also privity between the parties. First, MSPB was a defendant in the 2012 case. *Gossage*, 2012 WL 12874960. Although Mr. Gossage named individual employees of DOL and OPM as defendants in his 2016 case, *see Gossage*, 2016 WL 1158695, at *2, the Ninth Circuit considers employees in privity with their employers for res judicata when the challenged conduct is within the scope of employment. *See Chunhye Kim Lee v. Arizona Bd. of Regents*, 633 F. App'x 453, 454 (9th Cir. 2016) (affirming the district court's finding that claim preclusion barred the claim, in part, because the "employer-employee relationship satisfies the claim preclusion privity requirement") (citations omitted); *Gruber v. Oregon Health and Sci. Univ.*, No. 3:23-cv-01902-YY (D. Or. Oct. 23, 2024) (collecting cases). Here, there is no question that the employees alleged to have deprived Mr. Gossage of his due process rights did so within the scope of their work for DOL and OPM. *See* Complaint ¶ 3.22, 2012 WL 4931658 ("Defendants knew that OPM rescinded the negative-suitability determination, but nevertheless proceeded as if a suitability decision adverse to Plaintiff was in effect."); ¶ 3.25 ("Defendants knowingly concealed the 2004 decision to preclude Plaintiff from being hired."). Accordingly, Mr. Gossage's claims for declaratory relief against all Defendants are barred by claim preclusion.

## V. CONCLUSION

For the reasons explained above, Defendants' motion to dismiss Mr. Gossage's claims, Dkt. 6, is GRANTED. The Court finds that leave to amend would be futile. The case is therefore DISMISSED WITH PREJUDICE and the Clerk is directed to enter judgment in favor of Defendants.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of February, 2025.

                                                Tiffany M. Cartwright
                                                United States District Judge