UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY GOSSAGE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF PERSONNEL MANAGEMENT; UNITED STATES DEPARTMENT OF LABOR; UNITED STATES DEPARTMENT OF JUSTICE; MERIT SYSTEM PROTECTION BOARD,<br>　　　　　　Defendant. | Case No. 3:24-cv-05765-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO VACATE |

### I.   ORDER

Before the Court is pro se Plaintiff Henry Gossage's "Motion for Reconsideration," Dkt. 23, and "Motion to VACATE FRCP 60," Dkt. 24.

This case arises from the denial of Mr. Gossage's application for federal employment in 2000. Mr. Gossage filed this lawsuit on September 11, 2024. Dkt. 1. Mr. Gossage asserts that he was discriminated and retaliated against and alleges constitutional and statutory claims against Defendants Office of Personnel Management ("OPM"), United States Department of Labor ("DOL"), United States Department of Justice ("DOJ"), and the Merit System Protection Board ("MSPB"). *See generally id*. As the Court described in its prior order, this was not the first time Mr. Gossage asserted these claims in this Court. Dkt. 21 at 1–2 (collecting cases).

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO VACATE - 1

Defendants moved to dismiss Mr. Gossage's claims on December 11, 2024. Dkt. 6. While the motion to dismiss was pending, the Court granted Defendants' motion to stay discovery. Dkt. 20. On February 26, 2025, the Court granted Defendants' motion to dismiss, Dkt. 21, and entered judgment dismissing Mr. Gossage's claims, Dkt. 22. Because the Court found that leave to amend would be futile, the case was dismissed with prejudice. *Id.*

Mr. Gossage now moves for reconsideration of the Court's order on March 11, 2025. Dkt. 23. On March 20, 2025, Mr. Gossage also moved to vacate several orders over a 20-year period from the MSPB, the Federal Circuit, and from this Court, including the February 2025 order to stay discovery. Dkt. 24. Mr. Gossage has also filed a motion to proceed as a veteran, Dkt. 26, and a second motion to appoint counsel, Dkt. 31. These motions cite similar arguments to the ones supporting his motion for reconsideration and motion to vacate. *See* Dkt. 26 at 1 ("Henry Gossage has outstanding Federal Rules of Civil Procedure 60, USERRA, VEOA, Discrimination . . ., and other outstanding claims."); Dkt. 31 at 2 ("Pro se Veteran, respectfully request from this Court for appointment of counsel to . . . correct the Court record (FRCP 60)[.]").

Under Local Civil Rule 7(h), motions for reconsideration are disfavored. The Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (Motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law"). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch.*

*Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Finally, courts must construe pro se motions liberally. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Mr. Gossage moves for reconsideration of the Court's holding that it lacks jurisdiction to vacate the MSPB's decisions affirming OPM's initial negative suitability determination. *See* Dkt. 23 at 2. Mr. Gossage also asks the court to reconsider its lack of jurisdiction to hear his discrimination and veteran status claims. *See id.*

Although he lists an extensive timeline of events and litigation efforts over a nearly 20-year period, Mr. Gossage raises no new facts or legal authority. *See id.* at 3–5; LCR 7(h)(1). Mr. Gossage appears to argue that this Court has jurisdiction because his is a "mixed case[]" appeal. *See* Dkt. 23 at 6. But the Court already addressed this argument, finding that because Mr. Gossage did not raise his discrimination claims at the MSPB when his case was remanded to the Board in 2008, "he cannot now 'seek[] judicial review in the district court' of an improperly raised mixed case appeal." Dkt. 21 at 7 (quoting *Crowe v. Wormuth*, 74 F.4th 1011, 1034 (9th Cir. 2023)). Although Mr. Gossage appears to argue that he did raise this appeal to the MSPB through a motion to vacate in 2011 and another motion for relief in 2013, he does not present new legal authority that he has exhausted his claim, or that this Court now has jurisdiction. *See* Dkt. 23 at 6; *see also Gossage v. Off. of Pers. Mgmt.*, No. 2020-2178, 2020 WL 11564220, at *1 (Fed. Cir. Oct. 20, 2020) ("The Board's subsequent decision on remand in SE-0731-01-0261-I-5 became final upon the Board's March 24, 2009 denial of Mr. Gossage's petition for review . . . . Mr. Gossage had 60 days to file an appeal from that decision, which he failed to do . . . . [and] we have already determined that the letters identified in connection with [his 2013 motion for relief] are not reviewable.").

Mr. Gossage also asks the Court to reconsider its finding that issue preclusion barred his

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO VACATE - 3

request to vacate OPM's initial suitability determination and SF-62 pass-over request because the issues were already litigated at the MSPB. *See* Dkt. 23 at 7–8; Dkt. 21 at 8. Mr. Gossage first argues that the MSPB lacked appellate jurisdiction to consider the issues, making the proceeding "null and void," but offers no coherent legal basis for his argument. *See* Dkt. 23 at 7. Next, Mr. Gossage asserts that his due process rights were "violated by falsification of evidence," removing jurisdiction of his case. *Id.* He states he "presented forgery or wrongful alteration of 'Request for Suitability Determination'" and that this was "used against [him] after December 27, 2004," the date of OPM's recission of its negative suitability determination and reinstatement of Mr. Gossage's eligibility. *Id.*; Dkt. 21 at 2. But Mr. Gossage presents little detail of this alleged "falsification of evidence," and certainly has not presented any new facts to warrant reconsideration of the Court's order. Dkt. 23 at 7–8; LCR 7(h)(1). Finally, Mr. Gossage attempts to argue that OPM's December 2004 recission "resets the clock," making the issues he now wishes to adjudicate different than the ones barred by issue preclusion. *See* Dkt. 23 at 8. But even if that were true, it would not change the Court's determination that the relief Mr. Gossage sought—vacating OPM's 2001 negative suitability determination and 2000 SF-62 pass-over request, as well as this Court's 2004 order transferring his case to the Federal Circuit—is properly barred by issue preclusion. *See* Dkt. 21 at 8–11. Accordingly, Mr. Gossage has not shown that the Court's decision was clear error.

Mr. Gossage advances arguments in his motion for reconsideration and motion to vacate based on Rule 60, which the Court considers together. *See* Dkt. 23 at 9–12; Dkt. 24 at 1–2. "Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed R. Civ. P. Rule 60(b). Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted). Rule 60(b)(6) is "limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances." *Pickering v. Bank of Am. Home Loans*, No. 2:15-CV-01983-RSM, 2019 WL 13166673, at *1 (W.D. Wash. May 29, 2019) (citing *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)). Finally, relief is not justified under Rule 60(b)(2) if the purported new evidence was "in the possession of the party before the judgment was rendered[.]" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation modified).

Mr. Gossage first argues that "[a]ny action by the MSPB, District Court, [and] Court of Appeals after OPM issued" the December 2004 recission is a "void judgment." Dkt. 23 at 9. Although Mr. Gossage contends that the courts "lacked 5 C.F.R. § 731 et seq. personal suitability jurisdiction" following OPM's recission, he offers no legal authority that supports his position. *See id.* Instead, Mr. Gossage excerpts quotes from selected cases about the appellate jurisdiction of the MSPB, the legal standard for a Rule 60(b)(4) motion, and the timeliness of a Rule 60(b)(4)

motion. *See id.* at 9–11. As the Court referenced in its prior order, Mr. Gossage has prolifically litigated OPM's negative suitability determination and pass-over request, *see* Dkt. 21 at 1–2, straining the credulity of his argument now that every court order after December 2004 is a "void judgment." *See* Dkt. 23 at 9. Mr. Gossage has failed to establish that his case is the "rare instance" where court judgments over a 20-year period—from the MSPB to the Ninth Circuit— are "premised . . . on a certain type of jurisdictional error" that renders them void. *See United Student Aid Funds, Inc.*, 559 U.S. at 271.

Mr. Gossage also references the breadth of the "any other reason" prong of Rule 60(b)(6). *See* Dkt. 23 at 9–10. The case language he cites refers to the "extraordinary" basis for granting relief based on Rule 60(b)(6), including a "change in controlling law." *Id.* at 10. But Mr. Gossage fails to raise any argument that *his* case presents such extraordinary circumstances. *See id.* Because he "bears the burden of establishing the existence of such circumstances," Mr. Gossage has not met the steep bar for relief under Rule 60(b)(6). *See Pickering*, 2019 WL 13166673, at *1.

Finally, Mr. Gossage argues that he "sought FRCP 60 relief, based on newly discovered evidence obtained under FOIA request and brought action to . . . this Court." Dkt. 23 at 12; *see also* Dkt. 24 at 1–2 ("This new and material OPM disclosure was obtained from Freedom of Information Act Request filed on April 21, 2011 to OPM and released . . . on May 25, 2011[.]"). But the purported "newly discovered evidence" is fourteen years old and was alleged in Mr. Gossage's complaint. *See* Dkt. 1 ¶ 3.29. Evidence from the FOIA request also formed the basis of one of Mr. Gossage's claims against Defendants. *See id.* ¶ 5.10 ("Damages under the Freedom of Information Act for failure to release the 2004 recission of the non-suitability determination."). Because "[e]vidence in possession of the party before the judgment was rendered is not newly discovered," Mr. Gossage cannot be granted relief under Rule 60(b)(2).

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO VACATE - 6

*See Feature Realty, Inc.* 331 F.3d at 1093. Accordingly, Mr. Gossage has not shown that he is entitled to relief under Rule 60 from the Court's order and judgment.

## II. CONCLUSION

For the reasons stated, Mr. Gossage's motion for reconsideration, Dkt. 23, and motion to vacate, Dkt. 24, are DENIED. The Court construes Mr. Gossage's motion to proceed as a veteran, Dkt. 26, and second motion to appoint counsel, Dkt. 31, as related to the above motions. Accordingly, these motions are DENIED as moot. If Mr. Gossage seeks the appointment of counsel for his appeal, that motion should be directed to the Ninth Circuit, not this Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of May, 2025.

Tiffany M. Cartwright
United States District Judge